## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

**SOL ROSE, III,**

        **Plaintiff,**

    **v.**

**MANAGER/LANDLORD LOU STEIN,**

        **Defendant.**

**Case No. 2:24-cv-4036**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Plaintiff, Sol Rose, III, is an Ohio prisoner proceeding without the assistance of counsel and previously granted leave to proceed *in forma pauperis*. (ECF Nos. 4, 5.) He has brought this action naming as the Defendant, Lou Stein, an individual he describes as his former landlord. (*Id*.) The matter has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges. It is currently before the Undersigned to conduct the initial screen of the Complaint as required by law. 28 U.S.C. § 1915(e)(2). For the following reasons, the Undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

### I.      Initial Screening Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his Complaint. 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]).  Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory."  *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II.     Plaintiff's Allegations

In his Compliant, Plaintiff alleges the following facts, which are accepted as true for the purpose of this screen.

On March 21, 2024, Plaintiff was placed in custody.  On March 22, 2024 Defendant and his unidentified accomplices entered Plaintiff's apartment to remove Plaintiff's property without permission or a court order.  Subsequently, Defendant changed the locks on Plaintiff's apartment and removed certain individuals living with Plaintiff.  Defendant knew or should have known that these other individuals had nowhere to go but the streets.  Defendant initiated eviction proceedings against Plaintiff, but the case was dismissed.  Defendant lied to the police in order to cause the police to enter Plaintiff's apartment without a court order.  Plaintiff identifies "priceless irreplaceable items" and "replaceable items" he allegedly lost as a result of Defendant's conduct.  He requests both compensatory and punitive damages.

 Although it is not entirely clear, Plaintiff appears to be attempting to assert a claim for a violation of Ohio Revised Code § 5321.15 and perhaps a state law conversion claim.  Plaintiff also makes conclusory mention of his due process and equal protection rights.

## III. Discussion

Plaintiff has not established a basis for federal court jurisdiction.  Accordingly, this Court lacks jurisdiction to hear Plaintiff's claims.  Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Briefly, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1).  To establish diversity of citizenship here, Plaintiff must establish that he is a citizen of one state and

Defendant is a citizen of another state. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Plaintiff's complaint indicates that he is an Ohio resident, and he has identified Defendant as being an Ohio resident as well. Thus, based on the information provided in the complaint, Plaintiff cannot establish diversity jurisdiction.

Similarly, Plaintiff has not established federal question jurisdiction. This second type of federal jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). As noted, Plaintiff makes conclusory mention of his due process and equal protection rights. Generally, a claim alleging a violation of constitutional rights properly is brought under 42 U.S.C. § 1983. *See, e.g.*, *Wade v. Michigan*, No. 2:24-CV-11402, 2024 WL 4149716, at *2 (E.D. Mich. Sept. 11, 2024) ("To the extent that Plaintiff raises civil rights violations, those claims would properly be brought under 42 U.S.C. § 1983."). That statute requires that a defendant be acting under color of state law. *Mackey v. Rising*, 106 F.4th 552, 558 (6th Cir. 2024). Plaintiff has not made any such allegation here, challenging only the conduct of his landlord as a private citizen. Further, Plaintiff has raised those constitutional concepts strictly in terms of violations of Ohio Revised Code § 5321.15, a statute relating to landlords and tenants. To the extent the complaint can be construed as asserting a state law claim for an alleged violation of Ohio Revised Code § 5321.15, again Plaintiff has not established the Court's diversity jurisdiction. The same holds true for any state law conversion claim Plaintiff may be intending to assert.

IV.    Conclusion

Having conducted the initial screen required by law, the Undersigned **RECOMMENDS** that the complaint be **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted by this Court.  Because the complaint lacks any basis for this Court's jurisdiction, it is further **RECOMMENDED** that this dismissal be without prejudice to Plaintiff's ability to seek relief in the appropriate court.

V.    **Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a forfeiture of the right to have the District Judge review the R&R de novo, and will also operate as a forfeiture of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: November 7, 2024        */s/ Elizabeth A. Preston Deavers*
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **UNITED STATES MAGISTRATE JUDGE**